[Civ. No. 4568.   Third Appellate District.—September 28, 1932.]

GUSTAVE A. CARLSON, Appellant, v. KOLB'S BAKERY (a Corporation), etc., et al., Respondents.

James A. Miller for Appellant.

W. Cloyd Snyder for Respondents.

PARKER, J., *pro tem.*—This is an appeal by plaintiff from a judgment of dismissal entered after the general demurrer of defendants to the complaint of plaintiff had been sustained without leave to amend.

The nature of the claimed cause of action and the grounds of the appeal can be gathered from a detail of the complaint. After the preliminary allegations of incorporation and residence it is alleged:

That on or about June 25, 1929, the defendant Charles R. Warfel was appointed assignee for the benefit of creditors of Rye-Krax Corporation; that on or about July 12, 1929, said Warfel, while acting as assignee, took and received from the plaintiff the sum of $500 as a deposit on a bid for the purchase of certain real estate which had come into the control of said Warfel, assignee, as aforesaid; that thereafter, the said Warfel was unable to complete the transfer of the real estate and that plaintiff obtained a judgment against Warfel, as such assignee, for the sum of $500 and costs, which judgment has become final; that on or about September 12, 1929, Warfel, acting as assignee, sold and transferred to Kolb's Bakery the real property involved; that Warfel had not, at the time of the sale to Kolb's Bakery, or before or after said date, ever filed any bond as provided by section 3467 of the Civil Code; that at no time had Warfel ever filed any inventory, as assignee, setting forth the assets of the estate of his assignor, nor was such inventory ever filed at all; that Warfel has no other assets of the estate of his assignor. Plaintiff prays judgment that the sale from Warfel as assignee to

Kolb's Bakery be canceled and set aside; that the said Kolb's Bakery execute sufficient instruments to re-invest the title to the property in Warfel, as assignee, and that Warfel be enjoined from further disposing of the property until the provisions of law governing assignments for the benefit of creditors have been complied with, being title three, part two of division four of the Civil Code.

The defendant demurred on the general ground that the complaint did not state a cause of action. As noted, the demurrers were sustained, without leave to amend, and judgment followed.

■ It seems to be the theory of appellant that inasmuch as the assignee had not complied with the provisions of the Civil Code, cited, the assignment was void. For the purposes of this discussion this contention may be conceded. Yet little comfort comes to the appellant. If the assignment was and is void, it is necessarily void for all purposes. The result would be to leave the property still in the ownership of the assignor and any dealing therewith negotiated by and through the assignee would fall. This latter result would include the claim of plaintiff.

The plaintiff is not a creditor of the assignor and claims no privity with the said assignor. Whatever steps the assignor or the assignee may have taken in subjecting the property of the former to the claim of creditors would be of no concern to plaintiff. The plaintiff dealt with Warfel as assignee, recognizing his assignment and his right to act thereunder. When Warfel agreed to sell the property to plaintiff either he had the right so to do or he did not. It having developed, for some reason not stated, that a transfer could not be made, then plaintiff had open a variety of remedies. However, he chose to seek recovery of his deposit and pursued this remedy to judgment. This judgment it may be assumed remains unsatisfied inasmuch as the complaint alleged that there are no other assets remaining in the hands of the assignee. The judgment against the assignee was a claim against the estate of the assignor. However the statement of facts given by appellant indicates that this judgment was obtained at a date subsequent to the transfer of the property to Kolb's Bakery.

We may, as indicated, disregard the assignment altogether and view the case from the standpoint of two individuals

transacting business. Plaintiff entered into the agreement of sale with Warfel. Warfel breached the agreement and sold to a third party. Plaintiff secured judgment against Warfel for the return of the money. It is obvious that plaintiff would have no cause of action to set aside the transfer to the third party in the absence of some showing of fraud or connivance or at least notice.

Here there is no allegation that the judgment ever became a lien upon the property or that any judgment existed prior to the last transfer. There is no allegation throwing suspicion upon the sale as being in fraud of creditors, nor is there any allegation that the sale price was inadequate, or that the purchaser took with any notice, actual or constructive.

Referring to division 4, part 2, title 3, of the Civil Code embracing sections 3449 to 3473, inclusive, we find outlined the entire subject of assignments for the benefit of creditors. It is provided that the assignor, or in case of his neglect the assignee, must file an inventory of all the assets of the assignor. Likewise is provision made for the making, approval and filing of a good and sufficient bond. Section 3468 then provides as follows: "Until a verified inventory has been made and filed, either by the assignor or assignee, as required by the provisions of this title, and the assignee has given the bond required by the last section, such assignee has no authority to dispose of the property of the estate or any part of it (except in the case of perishable property, which in his discretion he may dispose of at any time, and receive the proceeds of the sale thereof); nor has he any power to convert the property, or the proceeds of any sale of perishable property, to the purposes of the trust."

From the last clause it is apparent that, under the allegations of the complaint, the assignee had no power to sell the property in the absence of inventory and bond. He had no power to convert the property to the purposes of the trust. Thus limited he had no power to act in any way or manner with reference to a sale of the property. As a consequence the property itself could in nowise be affected or encumbered by any act of the assignee. Therefore when, without authority of any kind, he optioned the property to plaintiff his act was merely that of an in-

dividual with but an individual liability to respond in damages or to return the moneys received. This liability has been fixed by judgment and thereby the remedy of the plaintiff elected and exhausted. Whatever irregularity attached to the latter sale, plaintiff, being neither a creditor nor in privity with the assignor, may not urge the same.

We have thus gone into detail to show the complete lack of any cause of action resting in plaintiff to set aside the sale, inasmuch as the order sustaining the demurrers denied leave to amend. Where it is apparent from the facts pleaded that no good cause of action could be framed thereon the ruling of the court denying leave to amend was proper and an exercise of sound discretion. The judgment is affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.